UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID DAVENPORT, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:14-cv-0207-JMS-WGH |
| BRIAN RODGERS, | ) |
| Defendant. | ) |

**E N T R Y**

The plaintiff's motion to appoint counsel has been considered. Pursuant to 28 U.S.C. § 1915(e)(1), courts are empowered only to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). "When confronted with a request . . . for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007). The Court must deny "out of hand" a request for counsel made without a showing of such effort. *Farmer v. Haas*, 990 F.2d 319 (7th Cir. 1993). The plaintiff asserts that he has contacted at least fourteen (14) lawyers and legal assistance organizations without success in obtaining representation. Although the Court concludes, based on the above filing, that the plaintiff has made a reasonable effort to secure representation, he should continue his own effort.

The Court proceeds to the second inquiry required in these circumstances. The Court's task in this second inquiry is to analyze the plaintiff's abilities as related to "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other

court filings, and trial." *Pruitt*, 503 F.3d at 655. Accordingly, the question is not whether an attorney would help the plaintiff's case, but whether, given the difficulty of the case, the plaintiff seems competent to litigate it himself. *Id.* at 653-655.

The plaintiff alleges that he has limited time in the law library and has no one to assist him. The Court will not make an outright request that counsel represent the plaintiff at this time because based on the plaintiff's comprehensible filings, his use of the Court's processes, and his familiarity with his claims, the plaintiff has been competent to litigate on his own. The Court will, however, be alert to the possibility of recruiting representation for the plaintiff at trial or at other points in the case where the plaintiff's incarceration and pro se status would make it particularly difficult for him to proceed without representation. The Court also reminds the plaintiff that if he has a reasonable need for additional time to meet any particular deadline, he may file a motion for extension of time. Also, if all parties were amenable to settlement, the Court would attempt to recruit counsel to assist the plaintiff with the settlement process only.

Based on the foregoing, therefore, the plaintiff's motion for appointment of counsel [dkt. 23] is **denied**.

**IT IS SO ORDERED.**

Date: 04/29/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

David Davenport
DOC #904991
Putnamville Correctional Facility
1946 West U.S. 40
Greencastle, IN 46135-9275

Electronically registered counsel